IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES WIDTFELDT, | ) | 8:10CV128 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| Estate Tax Division, and STATE OF | ) | |
| NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the State of Nebraska's ("Nebraska") Motion to Dismiss (filing no. 8) and the United States of America's ("United States") Motion to Dismiss (filing no. 12). Plaintiff has filed a Brief in Opposition to the United States' Motion to Dismiss. (Filing No. 14.) Also pending is the United States' Motion to Strike Response. (Filing No. 17.) For the reasons discussed below, the Motion to Strike Response is denied and Defendants' Motions to Dismiss are granted.

## I. BACKGROUND

Plaintiff James Widtfeldt ("Widtfeldt") filed his Complaint in this matter on April 7, 2010, against the United States, the Internal Revenue Service ("IRS") and Nebraska. (Filing No. 1.) Widtfeldt was previously licenced to practice law in Nebraska, but the Nebraska Counsel for Discipline suspended his licence indefinitely in 2005. *State ex rel. Counsel for Discipline of Nebraska Supreme Court v. Widtfeldt, 691 N.W.2d 531 (Neb. 2005)*.

Widtfeldt's claims are difficult to decipher. As best as the court can tell, Widtfeldt (1) desires to challenge federal tax deficiencies asserted against him by the

IRS, (2) seeks an order that enjoins Nebraska from imposing penalties against him in a pending Nebraska District Court case, *NEOC v. Widtfeldt*, CI08-5348, (3) asserts tort claims for concealing information about tick diseases in order to inflate real estate prices, and (4) asserts wrongful death claims for the "early" death of his parents. (Filing No. 1 at CM/ECF pp. 6-9, 12-21.)

On June 2, 2010, Nebraska filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 8 and 9.) Widtfeldt did not respond to this Motion. (*See* Docket Sheet.) On July 12, 2010, the United States also filed a Motion to Dismiss along with a Brief in Support. (Filing Nos. 12 and 13.) Widtfeldt responded to this Motion by filing a Brief in Opposition. (Filing No. 14.) Thereafter, the United States filed a Response to Widtfeldt's Brief in Opposition. (Filing No. 15.) Subsequently, Widtfeldt filed an additional Response. (Filing No. 16.) The United States has filed a Motion to Strike Widtfeldt's additional Response. (Filing No. 17.) The court will address the Motion to Strike and then address Defendants' Motions to Dismiss in turn.

## II. ANALYSIS

### A. Motion to Strike

The United States asks the court to strike Widtfeldt's second Response to its Motion to Dismiss because Widtfeldt failed to comply with the court's local rules when he filed it. (Filing No. 18.) Indeed, Widtfeldt failed to request leave to file this Response from the court in accordance with NECivR 7.0.1(c). NECivR 7.0.1(c) (providing that a moving party may reply to an opposing brief, however neither party may "file further briefs or evidence without the court's leave"). Nevertheless, motions to strike are viewed with disfavor and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). In light of this, and Widtfeldt's pro se status, the court will not strike Widtfeldt's second Response to the United States'

Motion to Dismiss. The United States' Motion to Strike is denied.

### B. Motion to Dismiss Standard

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### C. Nebraska's Motion to Dismiss

In its Motion, Nebraska argues, among other things, that Widtfeldt's claims against Nebraska should be dismissed because Nebraska is entitled to sovereign immunity. (Filing No. 9 at CM/ECF pp. 3-10.) The court agrees.

The Eleventh Amendment provides states and state agencies with immunity from suit by private citizens. *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003). However, this immunity is not absolute. For example, Congress can abrogate a State's sovereign immunity "in the exercise of its power to enforce the Fourteenth Amendment," and a State may waive its immunity by consenting to suit. *Coll. Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 670 (1999). In addition, state officials may be sued in their official capacities for

3

prospective injunctive relief without violating the Eleventh Amendment under the doctrine set forth in *Ex Parte Young.* 209 U.S. 123 (1908); *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Here, Widtfeldt sues Nebraska for both monetary damages and injunctive relief. (Filing No. 1 at CM/ECF pp. 1, 8-10.) As discussed above, Widtfeldt may not sue a State unless the State waives its immunity or Congress abrogates the State's immunity. The record before the court does not show that Nebraska waived or that Congress abrogated Nebraska's sovereign immunity in this matter. Further, the *Ex Parte Young* doctrine does not extend to states or state agencies and therefore injunctive relief cannot be granted against such entities. *Monroe*, 495 F.3d at 594; *see also Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006), *vacated on other grounds*, 551 U.S. 1142 (2007) (recognizing that only state officials, as opposed to state agencies, can be sued for prospective injunctive relief and dismissing claims against state agency); *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh,* 438 U.S. 781, 781-82 (1978). Thus, Widtfeldt's claims against Nebraska must be dismissed.

### D. The United States' Motion to Dismiss

In its Motion, the United States argues, among other things, that (1) the court lacks subject matter jurisdiction over Widtfeldt's claims, and (2) Widtfelt failed to execute service of process upon the IRS. (Filing No. 13 at CM/ECF pp. 5-11.) Again, the court agrees.

*1. Subject Matter Jurisdiction*

Widtfeldt's claims against the United States and the IRS can be fairly consolidated into two categories: (1) Widtfeldt's challenge to federal tax deficiencies, and (2) Widtfeldt's tort claims against the United States and the IRS. The court will

4

address each category in turn.

### i. Widtfeldt's Challenge to Federal Tax Deficiencies

"The United States enjoys sovereign immunity except to the extent it has consented to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Iowa Pub. Serv. Co. v. Iowa State Commerce Com'n*, 407 F.2d 916, 920 (8th Cir. 1969). "This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony & Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, *citing United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

"The United States has given its consent to be sued for refunds of federal taxes in a carefully articulated statutory scheme, otherwise sovereign immunity would bar such a suit." *Hansen v. United States*, 248 F.3d 761, 763 (8th Cir. 2001) (citations omitted). In addition, "Congress has determined that district courts have original jurisdiction of '[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Id.* (quoting 28 U.S.C. § 1346(a)(1)). However, the Supreme Court has held that "waiver of sovereign immunity is not unconditional," and a taxpayer seeking a tax refund "must have paid the disputed tax in full and have duly filed an administrative claim for a refund." *Hansen*, 248 F.3d at 764 (citing *United States v. Dalm*, 494 U.S. 596, 601-02 (1990)); *see also* 26 U.S.C. § 7422(a).

5

Widtfeldt seeks to challenge various tax deficiencies that the IRS asserted against him. (Filing No. 1 at CM/ECF pp. 6, 12-21.) However, in order to contest these deficiencies in a United States District Court, Widtfeldt must pay the tax liability first. *Hansen*, 248 F.3d at 764; *see also* 26 U.S.C. § 7422(a); *Graf v. Slusarski*, Case No. 84-C-78, 1985 WL 1417, at *3 (E.D. Wis. Feb. 27, 1985) ("If a taxpayer wishes to contest the deficiencies asserted against him, he may seek judicial relief in either the United States District Court or the United States Tax Court. Relief from the former may only be sought if the taxpayer first pays the tax liability asserted, following which he may sue in district court for a refund. Alternatively, the taxpayer may file a petition in the Tax Court without prior payment of the tax liability . . . .")

Widtfeldt argues that he has exhausted his administrative remedies and that he has paid for the *property* upon which the tax deficiencies were asserted. (Filing No. 16 at CM/ECF p. 1.) However, Widtfeldt does not state, nor does the record show, that he paid the tax deficiencies assessed against him. Because Widtfeldt has not paid the tax deficiencies, this court lacks jurisdiction to entertain his tax claims.[1]

---

[1] To the extent that Widtfeldt seeks to enjoin the IRS from assessing taxes, his claim is barred by 26 U.S.C. § 7421(a), the Anti-Injunction Act. This Act provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id*. There is a judicial exception to the Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). However, Widtfeldt fails to allege sufficient fact to establish this exception. *See Ponchik v. Comm'r of Internal Revenue*, 854 F.2d 1127, 1130 (8th Cir. 1988) (holding that under the judicial exception to the Anti-Injunction Act, injunctive relief is available only if the taxpayer can demonstrate that "(1) under the most liberal view of the law and the facts available to the government at the time of the suit, it is apparent that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injury will occur for which there is no adequate remedy at law").

> ii. *Widtfeldt's Tort Claims Against the United States and the IRS*

In addition to his tax claims, Widtfeldt asserts tort claims against the United States and the IRS. (Filing No. 1 at CM/ECF pp. 6-9, 12-21.) The Federal Torts Claims Act ("FTCA") is the exclusive remedy for suits against the United States arising from the tortious action of a Government employee acting within his or her scope of employment. 28 U.S.C. § 2679(b)(1). Moreover, the filing of an administrative claim is a jurisdictional prerequisite to a civil action under the FTCA. 28 U.S.C. § 2675(a). Title 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . .

*Id*.

Here, Widtfeldt asserts tort claims against the United States for concealing information about tick diseases to inflate real estate prices. (Filing No. 1 at CM/ECF p. 9.) He also alleges that this concealment, along with the unlawful assessment of taxes and excessive taxes, caused his parents to die early. (*Id*.) However, Widtfeldt has failed to allege that he filed an administrative claim under the FTCA. (*Id*. at CM/ECF pp. 1-21.)

As discussed above, the timely filing of an administrative claim is a jurisdictional prerequisite to bringing suit under the FTCA. *See McMichael v. United States*, 856 F.2d 1026, 1035 (8th Cir. 1988). Further, even under the most liberal

construction, Widtfeldt's allegations about concealed tick disease information, wrongfully assessed taxes, and excessive taxes are not sufficient for the court to reasonably infer that the United States is responsible for the death of Widfeldt's parents. *See Ashcroft*, 129 S. Ct. at 1950 (stating that a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Thus, even if Widtfeldt could amend his Complaint to show that he filed an administrative claim under the FTCA, the amendment would be futile because his tort allegations against the United States and the IRS fail to state a claim upon which relief may be granted.[2] In light of these findings, Widtfeldt's FTCA claims are dismissed. *See, e.g., Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (concluding that leave to amend is properly denied where amendment would be futile).

### 2. *Service of Process*

Separately, the United States argues Widtfeldt failed to properly effect service of process upon the IRS. (Filing No. 13 at CM/ECF p. 7.) In order to effect service of process on the IRS, Widtfeldt must comply with Federal Rule of Civil Procedure 4(i)(1)(C). Specifically, Widtfeldt is required to serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the IRS. Fed. R. Civ. P. 4(i)(1)(C). The record before the court shows that Widtfeldt sent a copy of the summons form by certified mail to the "IRS Estate Tax Division, Room 5614, Dept of Justice[,] 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001" on April 9, 2010. (Filing Nos. 19 and 23.) Although it is unclear, it appears

---

[2]Indeed, the court dismissed similar claims in an action filed by Widtfeldt on February 8, 2008. (*See Widtfeldt v. Nebraska*, Case No. 8:08CV65 (dismissing Widtfeldt's wrongful death, negligence, breach of contract and tax-related claims for failure to exhaust and because the United States had not waived Sovereign Immunity for such claims.)

that Widtfeldt sent the summons forms to the Department of Justice rather than the IRS. While the court would ordinarily grant Widtfeldt additional time to perfect service of process, doing so in this case would be futile for the reasons discussed above. *See*, *e.g.*, *Gregory v. United States/U.S. Bankr. Court*, 942 F.2d 1498, 1500 (10th Cir. 1991) (approving dismissal without leave to correct defective service of process because "[i]n this case, proper service of process would be futile").

### E. Remaining Claims

Widtfeldt's Complaint also includes generalized and conclusory allegations about the "excessive" prison population, the reinstatement of his license to practice law, and the unconstitutionality of various laws discussed in "Three Felonies a Day – How the Feds Target the Innocent" and "Go Directly to Jail – The Criminalization of Almost Everything." (Filing No. 1 at CM/ECF p. 10.) The Supreme Court recently reiterated that mere labels and conclusions or naked assertions devoid of further factual enhancement cannot plausibly establish entitlement to relief under any theory. *Iqbal*, 129 S. Ct. at 1949. Accordingly, Widtfeldts remaining claims are dismissed for failing to state a claim upon which relief may be granted.

In light of these findings, the court will dismiss Widtfeldt's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The court need not reach Defendants' other arguments for dismissal.

IT IS THEREFORE ORDERED that:

1. The United States' Motion to Strike (filing no. 17) is denied.

2. Nebraska's Motion to Dismiss (filing no. 8) and the United States' Motion to Dismiss (filing no. 12) are granted.

3. Widtfeldt's Complaint is dismissed without prejudice.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 4th day of October, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.